## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CLYDE J. TIPPIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12-2420-CM** |
| | ) | |
| **ONEBEACON AMERICA INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

This breach of contract case involves a dispute regarding whether benefits are due under an occupational accident insurance policy.  The matter is before the court on defendant OneBeacon America Insurance Company ("OneBeacon")'s motion for summary judgment (Doc. 9).  For the reasons stated below, the court denies defendant's motion.

Plaintiff, the owner-operator of a truck, entered into an independent contractor agreement with Greatwide Dedicated Transport ("Greatwide").  OneBeacon issued an occupational accident insurance policy ("Policy") to Greatwide commencing February 20, 2009, and plaintiff obtained coverage through the Policy.  Sometime between May 30 and June 1, 2009, plaintiff alleges he sustained injuries while working on his truck under his agreement with Greatwide.  Plaintiff submitted a claim to OneBeacon for occupational accident benefits covering independent contractors under the Policy.  OneBeacon denied the claim, stating that plaintiff was not under dispatch at the time he sustained injuries.

On July 9, 2010, plaintiff filed a workers compensation claim against Greatwide and OneBeacon with the Kansas Division of Workers Compensation.  While that claim was pending, plaintiff filed a breach of contract action against OneBeacon in the District Court of Crawford County,

Kansas, which was removed to the United States District Court for the District of Kansas. Judge Marten of this court found that the unambiguous language of the policy provided that no benefits are payable on any loss filed under a workers compensation law until such a filing is approved or denied. Thus, because plaintiff had a pending workers compensation claim, the court granted summary judgment in defendant's favor.[1]

On or about June 6, 2012, plaintiff filed the instant breach of contract claim against OneBeacon in the District Court of Crawford County, Kansas, which was again removed to the United States District Court for the District of Kansas. The claims and cause of action in this case are nearly identical to the previously-filed breach of contract case in which the court granted summary judgment.

## II.     Discussion

Summary judgment is appropriate "when there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (outlining summary judgment burden). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita*, 475 U.S. at 587).

Defendant's main argument in support of its motion is that plaintiff's claims are barred by res judicata. Res judicata precludes a party from relitigating claims that were or could have been raised in a previous case, provided that the earlier case resulted in a final judgment on the merits. *Solien v. Physicians Bus. Network, Inc.*, 22 F. Supp. 2d 1237, 1238 (D. Kan. 1998). Res judicata applies only when four conditions are met:

> "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4)

---

[1] In this action, neither party states if, how, or when plaintiff's workers compensation claim was resolved. For the purposes of this order, the court assumes that the claim is no longer pending and has been resolved.

the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit."

*Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (citation omitted).  The only condition disputed by the parties is whether plaintiff's previous suit ended in a judgment on the merits.

It is well-settled that summary judgment generally operates as a final judgment on the merits for the purposes of res judicata.  *Solien*, 22 F. Supp. 2d at 1239.   However, a judgment is not "on the merits" if the decision rests "upon some point other than the issues of law and fact which must be disposed of in order to determine whether the parties have good claims or defenses under the applicable substantive law."  *Griffith v. Stout Remodeling, Inc.*, 548 P.2d 1238, 1243 (Kan. 1976) (internal quotation omitted).  Instead, a judgment on the merits "determines the rights and liabilities of the parties based upon the ultimate fact as disclosed by the pleadings or issues presented for trial."  *State ex rel. Sec. of Soc. & Rehab. Servs. v. Bonnel*, No. 60,296, 1988 Kan. App. LEXIS 66, at *4 (Kan. Ct. App. Jan. 29, 1988) (citation omitted); *see also Woosley v. Hi-Plains Harvestore, Inc.*, 550 F. Supp. 161, 165 (W.D. Okla. 1981) (finding that granting of summary judgment was procedural in nature and not a judgment on the merits for res judicata purposes).  The policy behind res judicata mandates that the doctrine "is to be applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice."  *Griffith*, 548 P.2d at 1244 (internal quotation omitted).

Here, Judge Marten's decision was not a final judgment on the merits.  The ultimate issue in that case—and in this one—is whether defendant breached the terms of the Policy by its failure to pay benefits to plaintiff.  And the ultimate fact disputed in making that determination is whether plaintiff was "under dispatch" at the time of his injury.  The court explicitly stated that, because the language of the policy precluded a decision while the workers compensation claim was pending, it would not

reach the question of whether plaintiff was "under dispatch."  The court's decision was conditioned on the fact that plaintiff still had a pending workers compensation claim, and it did not address the ultimate issue or fact required to determine the rights of the parties.  A rigid application of res judicata in this situation—thereby precluding plaintiff from obtaining resolution of his claim—would work an injustice.  Accordingly, res judicata does not bar plaintiff's claims.

In addition, defendant has not met its summary judgment burden.  Defendant has failed to show that no genuine issue of material fact exists as to whether plaintiff was "under dispatch" at the time of his injury.  Defendant points to evidence that plaintiff was removing laundry from his tractor-trailer at the time of the accident.  Plaintiff disputes this, however, and argues that he was performing necessary maintenance to his vehicle at the time of his injury.  Plaintiff argues that as he was working on the lights on his vehicle, he attempted to step out of his vehicle to check the lights from the outside. Plaintiff contends that he grabbed the laundry as he stepped out of his vehicle to check the lights, and was thus still performing work on the truck and "under dispatch."

There is also a genuine issue of material fact as to whether plaintiff was required to obtain— and whether he did in fact obtain—authorization from Greatwide to perform maintenance on his truck. The court evaluates the facts and inferences reasonably drawn from the evidence in plaintiff's favor as the nonmoving party, and finds that summary judgment is not warranted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Doc. 9) is denied.

Dated this 6th day of February 2013, at Kansas City, Kansas.

___s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**